UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

CONTEMPORARY VISIONS, L.L.C. d/b/a
SONNEMAN A WAY OF LIGHT,

                      Plaintiff,

     -against-


ARNOLD & RICHTER CINE TECHNIK
GMBH & CO. BETRIEBS KG and ARRI, INC.,

                    Defendants.

_____

ECF CASE

Civil Action No.
20-8744

COMPLAINT

JURY TRIAL DEMANDED

      Plaintiff Contemporary Visions, L.L.C. d/b/a Sonneman A Way of Light. ("Plaintiff" or "Sonneman"), for its Complaint against defendants Arnold & Richter Cine Technik GmBH & Co. Betriebs KG and ARRI Inc. (together, "Defendants" or "ARRI"), herein states as follows on knowledge as to Plaintiff and otherwise on information and belief:

INTRODUCTION

      1.     Sonneman is a leading designer of new and innovative lighting products, primarily designed by the famous lighting designer Robert A. Sonneman.  Mr. Sonneman began designing modern and trend-setting lighting fixtures in the late 1960s.  His designs have routinely garnered critical acclaim for their clean lines, geometric features, and alliance of form and function.

      2.     Sonneman's current lighting collection includes over one thousand high-end products that are offered for sale at numerous lighting retailers throughout the country.  Sonneman's products are associated with high quality and sophistication.

3.      One of Sonneman's first and most impactful lighting designs is the light fixture marketed and sold under the trademark ORBITER; this light fixture has been instrumental in defining the "art" that has become the cornerstone of Mr. Sonneman's life work. The ORBITER light fixture is an iconic piece that has been, and is currently, featured in museums and galleries. The ORBITER light fixture has been manufactured and sold by Sonneman for over five decades. Sonneman owns U.S. trademark registrations for ORBITER and other marks incorporating the ORBITER term.

4.      Defendants have been manufacturing, distributing, marketing, promoting, offering for sale and selling lighting products bearing the identical ORBITER mark through dealers that feature lighting products; Defendants' actions blatantly infringe upon Plaintiff's federal and common law trademark rights and have and will continue to cause irreparable harm to Plaintiff's goodwill and reputation.

<u>THE PARTIES</u>

5.      Plaintiff Contemporary Visions, L.L.C. is a limited liability company organized and existing under the laws of the State of New York with an office and principal place of business at 20 North Avenue, Larchmont, New York 10538.

6.      Upon information and belief, defendant Arnold & Richter Cine Technik GmBH & Co. Betriebs KG. is a limited partnership with a limited liability company as general partner, organized under the laws of Germany, with a principal place of business at Herbert-Bayer-Street 10, 80807 Munchen, Germany ("ARRI Germany").

7.      Upon information and belief, defendant ARRI Inc. is a corporation, organized under the laws of the State of Delaware and authorized to do business in the State of New York, with

a principal place of business at 617 Route 303, Blauvelt, New York 10913 ("ARRI US").

8.      Upon information and belief, ARRI US is a wholly-owned subsidiary of ARRI Germany.

<u>JURISDICTION AND VENUE</u>

9.      This action arises under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 <u>et</u> <u>seq.</u>, and under the statutory and common laws of the State of New York.

10.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

11.      This Court also has supplemental jurisdiction over the state law and unfair competition claims pursuant to 28 U.S.C. §1367 (a).

12.      ARRI Germany: (i) operates a website at <arri.com> that directs consumers to dealers of its ORBITER product, including three dealers in this District, (ii) sells its ORBITER products through these dealers to consumers in this District, and (iii) is otherwise within the jurisdiction of this Court.

13.      ARRI US: (i) sells or assists with the sale of ORBITER products through authorized dealers to consumers in this District, (ii) services ARRI Germany's U.S. products, including products purchased and kept in this District, and (iii) is otherwise within the jurisdiction of this Court.

14.      Venue is properly placed in this judicial district pursuant to 28 U.S.C. §1391.

BACKGROUND

A. The Renown of Sonneman and ORBITER, and the Trademark Registrations of Sonneman

12.     Over the past fifty years, Mr. Sonneman has been continually involved in the design and marketing of innovative and unique lighting products.  Starting in the 1960s and 1970s, Mr. Sonneman pioneered the area of modern lighting design.  Mr. Sonneman's designs have been exhibited at the Museum of Modern Art, Chicago Art Institute, Cooper-Hewitt National Design Museum, UCLA Exhibition on Design, Karnette County Art Museum, and the Houston Contemporary Arts Museum.

13.     Additionally, Mr. Sonneman has been a guest lecturer at Stanford University, Pratt School of Architecture, Parsons School of Design, Philadelphia College of Art and UCLA.  He was also a contributor on Chrysler and Toyota projects at the Art Center, Pasadena College of Design, and he served on the Nissan Design Advisory Board.

14.     Mr. Sonneman has been widely recognized for his contributions to the field of lighting design.  Namely, he received: the Adex Platinum Award for Bollard Series in 2002; the Home Magazine American Future Award in 1998; the Industrial Design Magazine International Design Award in 1989; the Interior Design Magazine Product Design Competition Award in 1988; and the Corporate Design Reality Award in 1987.

15.     Through the efforts of Mr. Sonneman and others, Sonneman designs and sells innovative and unique lighting products, including light fixtures marketed and sold under the ORBITER name.

16.     The original light fixture to which the ORBITER name was applied was designed by Robert Sonneman in 1967 when he was 23 years old.

4

17.     The very next year the design of the ORBITER light fixture of Sonneman was highlighted when it was shown at the Museum of Modern Art.

18.     The ORBITER light fixture of Sonneman is exhibited in many other museums and galleries.

19.     Sonneman's ORBITER mark has garnered notoriety and acclaim by virtue of Sonneman's extensive sales and promotional efforts. Lighting products to which the ORBITER mark is applied have been continuously sold since such products were launched decades ago, resulting in significant sales. Further, light fixtures using the ORBITER name have been advertised and promoted over the years, including in publications, showings at trade shows and displays on the Sonneman website. The ORBITER mark is routinely used on product packaging, assembly instructions as well as in promotional catalogs.

20.     Sonneman is the owner of the following related federally registered trademarks that incorporate the term ORBITER (collectively, the "ORBITER Trademarks"), of which copies of the registration certificates are attached as **Exhibit A**:

| Mark | Registration No. | Goods | Issued Date |
|------|------|------|------|
| ORBITER | 5100398 | Lighting fixtures for indoor and outdoor lighting applications | December 13, 2016 |
| ORBITER II | 5262425 | Lighting fixtures for indoor and outdoor lighting applications | August 8, 2017 |
| THE ORIGINAL ORBITER BY ROBERT SONNEMAN | 3136269 | Electrical high intensity lighting lamps | August 29, 2006 |

B. Defendants' Unlawful Acts and the Irreparable Harm

21.    Defendants have been manufacturing, distributing, marketing, promoting, offering for sale and selling certain lighting products in order to unlawfully capitalize on the renown of Plaintiff's ORBITER trademark.  Defendants have been offering for sale and selling its products through dealers in this District and across the United States since 2019.

22.    It has taken decades of acclaim and sales for Plaintiff's ORBITER trademark to earn the goodwill it currently has in the marketplace.  Defendants' activities impermissibly appropriate Plaintiff's business goodwill, name and mark and, upon information and belief, have resulted in Plaintiff being associated with the lighting products of Defendants over which Plaintiff has no control.

23.    Plaintiff's ORBITER trademarks are associated with elegance and sophistication, and Defendant's products are, upon information belief, undermining this reputation in order to unjustly profit off of Plaintiff's iconic brand.

24.    The aforesaid unlawful activities of Defendants have caused irreparable harm to the reputation and goodwill of the Plaintiff.

C.  Defendants' Notice of Plaintiff's Rights

25.    On January 23, 2020, ARRI Germany filed international trademark application No. 1532117. The international application included a designation for the United States, and the subsequent U.S. application was assigned Serial No. 79/286,106 by the United States Patent and Trademark Office ("USPTO"). The U.S. application recited the goods in international class 11 as "Film lighting, video lighting and stage lighting apparatus and installations; luminaires, spotlights, headlights and other lighting items, except surgical lights; light-emitting diodes [LED] lighting apparatus; all aforementioned goods not in the medical and borescopical field" (the "ARRI

6

ORBITER Application").

26.     On June 2, 2020, the USPTO issued an Office Action (the "Office Action") in response to the ARRI ORBITER Application that refused registration on the basis, *inter alia*, that the similarity between the ARRI ORBITER trademark and Sonneman's ORBITER Trademarks, and the similarity between their respective goods, created a likelihood of confusion.

27.     Specifically, the Office Action stated: "When confronted with identical and otherwise closely related goods bearing identical and highly similar marks, a consumer is likely to have the mistaken belief that the goods originate from the same source. Because this likelihood of confusion exists, registration must be refused."

28.     As such, Defendants were on notice of Plaintiff's preexisting and superior federal trademark rights in the ORBITER Trademarks *at least as early as* the issue date of the Office Action, if not earlier.

## COUNT I

### VIOLATION OF 15 U.S.C. §1114
(Trademark Infringement)

29.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 28 hereof as if fully set forth herein.

30.     Plaintiff is the owner of all right, title and interest in and to the ORBITER Trademarks heretofore alleged.

31.     Defendants were on notice of the ORBITER Trademarks and despite such notice Defendants have continuedtheir infringing activities.

32.     The foregoing activities of Defendants violate 15 U.S.C. §1114 (a). Customers, prospective customers and the trade are likely to be confused, deceived and misled by

Defendants' actions, and to believe that there is an association, sponsorship or endorsement as a consequence of those activities between Defendants and Plaintiff, when in fact there is none.

33.    The foregoing activities of Defendants infringe the valuable trademark rights of Plaintiff in the ORBITER Trademarks, for the improper benefit of Defendants.

34.    The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff.

35.    Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT II

<u>VIOLATION OF 15 U.S.C. §1125(a)</u>
(False Designation of Origin)

36.    Plaintiff repeats and realleges each allegation in paragraphs 1 to 35 hereof as if fully set forth herein.

37.    The foregoing activities of Defendants infringe the ORBITER Trademarks, creating the impression that Defendants' products originate from, are sponsored or endorsed by, or are associated with Plaintiff.

38.    The foregoing activities of Defendants have caused and will continue to cause the public to believe that Defendants' products originate from, are sponsored or endorsed by, or are associated with Plaintiff.

39.    The foregoing activities of Defendants are intended to mislead the public into

8

thinking that there is an association, sponsorship or endorsement from Plaintiff, and said activities take control of the reputation and goodwill of the ORBITER Trademarks away from Plaintiff, the proprietor of the goodwill of the ORBITER Trademarks in the United States and elsewhere in the world.

40.    The foregoing activities of Defendants constitute a false designation of origin, with the intent to cause confusion and mistake, to deceive and mislead the public, and to improperly benefit from Plaintiff's valuable trademark rights.

41.    Defendants were on notice of the ORBITER Trademarks and despite said notice Defendant has continued its infringing activities.

42.    Defendants' said acts violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

43.    Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT III

VIOLATION OF 15 U.S.C. §1125(a)
(Unfair Competition)

44.    Plaintiff repeats and realleges each allegation in paragraphs 1 to 43 hereof as if fully set forth herein.

45.    This cause of action is for unfair competition arises under 15 U.S.C. § 1125

(a).

46.     Defendants' acts alleged herein constitute unfair competition and will injure the business reputation and business of Plaintiff.

47.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT IV

<u>VIOLATION OF NEW YORK GEN. BUS. LAW § 360-l</u>
(Injury to Business Reputation)

48.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 47 hereof as if fully set forth herein.

49.     By reason of the practices and acts set forth above, Defendants have injured Plaintiff's business reputation.

50.     The foregoing activities of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

51.     Defendants' wrongful acts violate Section 360-I of the New York General Business Law.

52.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants'

foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT V

### UNFAIR COMPETITION AND MISAPPROPRIATION UNDER THE COMMON LAW

53.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 52 hereof as if fully set forth herein.

54.     The aforesaid activities of Defendants misappropriate and trade upon the fine reputation and goodwill of Plaintiff, thereby injuring that reputation and goodwill, and unjustly divert from Plaintiff to Defendants the benefits rightfully belonging to Plaintiff.

55.     The aforesaid activities of Defendants constitute unfair competition and misappropriation as proscribed by the common law.

56.     The aforesaid activities of Defendants have resulted in a likelihood of confusion between Defendants' products and Plaintiff's products.

57.     The aforesaid activities of Defendants have caused Plaintiff to sustain monetary damage, loss and injury.

58.     The aforesaid activities of Defendants have been undertaken in bad faith.

59.     Defendants have engaged in and continues to engage in the foregoing activities knowingly and willfully.

60.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $1,000,000.

Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.      Finding that Defendants have infringed Plaintiff's ORBITER Trademarks in violation of the Lanham Act, 15 U.S.C. §1114 and 15 U.S.C. § 1125 (a) and that Defendants are liable therefor;

B.      Finding that Defendants' actions constitute a violation of New York General Business Law §360-l and that Defendants are liable therefor;

D.      Finding that Defendants' actions constitute unfair competition and misappropriation under the common law and that Defendants are liable therefor;

E.      Enjoining Defendants, preliminarily during the pendency of this action, and permanently hereafter, from:

     i.      Infringing the ORBITER Trademarks in any manner;

     ii.     Misleading the public into thinking that Defendants' products are associated with, sponsored or endorsed by the Plaintiff;

     iii.    Promoting and selling products under the name "ORBITER" or any other name that is likely to cause confusion with Plaintiff's ORBITER Trademarks;

F.      Directing Defendant ARRI Germany to expressly abandon the United States designation of its ARRI ORBITER Application bearing Serial No. 79/286,106;

G.      Directing Defendants to account to Plaintiff for all profits resulting from

Defendants' infringing activities;

    H.  Awarding Plaintiff its damages from Defendants' wrongful acts;

    I.  Awarding Plaintiff three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

    J.  Awarding Plaintiff statutory damages;

    K.  Awarding Plaintiff attorneys' fees and costs; and

    L.  Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

  Plaintiff demands a trial by jury on all facts so triable.


 Dated: New York, New York
     October 20, 2020

        GOTTLIEB, RACKMAN & REISMAN, P.C.

        Attorneys for Plaintiff


        By:_____
         Jeffrey M. Kaden (JK-2632)
         jkaden@grr.com
         Jonathan M. Purow (JP-0052)
         jpurow@grr.com
         270 Madison Avenue
         New York, New York 10016
         Phone: (212) 684-3900
         Fax: (212) 684-3999

# EXHIBIT A

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31, and 34

United States Patent and Trademark Office

Reg. No. 3,136,269
Registered Aug. 29, 2006

## TRADEMARK
## PRINCIPAL REGISTER



SONNEMAN, ROBERT A. (UNITED STATES IN-
DIVIDUAL)
20 NORTH AVENUE
LARCHMONT, NY 10538

FOR: ELECTRICAL HIGH INTENSITY LIGHT-
ING LAMPS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31
AND 34).

FIRST USE 12-0-2002; IN COMMERCE 12-0-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ORIGINAL", APART FROM THE
MARK AS SHOWN.

THE NAME "ROBERT SONNEMAN" IDENTIFIES
A LIVING INDIVIDUAL WHOSE CONSENT IS OF
RECORD.

THE MARK CONSISTS OF A STYLIZED DEPIC-
TION OF A LAMP.

SN 76-593,491, FILED 5-21-2004.

DAWN HAN, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# ORBITER

**Reg. No. 5,100,398**

**Registered Dec. 13, 2016**

**Int. Cl.: 11**

**Trademark**

**Principal Register**

Sonneman Design Group, Inc. (NEW YORK CORPORATION)
20 North Avenue
Larchmont, NY 10538

CLASS 11: lighting fixtures for indoor and outdoor lighting applications

FIRST USE 1-1-1987; IN COMMERCE 1-1-1987

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3136269

SER. NO. 87-035,868, FILED 05-13-2016
ZACHARY R BELLO, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# ORBITER II

**Reg. No. 5,262,425**

**Registered Aug. 08, 2017**

**Int. Cl.: 11**

**Trademark**

**Principal Register**

Sonneman Design Group, Inc. (NEW YORK CORPORATION)
20 North Avenue
Larchmont, NY 10538

CLASS 11: lighting fixtures for indoor and outdoor lighting applications

FIRST USE 11-00-2016; IN COMMERCE 11-00-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3136269

SER. NO. 87-088,173, FILED 06-29-2016
ZACHARY R BELLO, EXAMINING ATTORNEY



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office